By the Chancellor.

There can be no doubt but marriage, for the benefit of society, is a good consideration, where there is any personal inducement to it, but where there is not, it should not, of itself, be deemed a good consideration against creditors ; and more especially in the present case, where the parties lived in open violation of the laws, and to the evil example of the whole community. Would it not be monstrous to say, that Coutts, who was really an old man, far beyond the prime of his life, after so many years spent with a woman in a state of fornication, should be allowed to avoid the payment of his debts, by entering into a marriage contract with her ? What was the inducement to it but to avoid his creditors ? Attend to the circumstances: on the 29th of August, 1799, the debts were contracted; on the 10th September following, a marriage settlement was entered into; and, on or about the 17th of the same month, the marriage was actually celebrated; the consideration of which, was the settlement of all his estate for the purpose above mentioned, and the children of the marriage, all of whom were born before, and not afterwards. The case is too palpable, and the cases relied on, do not apply. Every aspect of the record shows that Coutts had increased his estate, at least, to the amount of these judgments, with a clear intention not to pay them; and, although the agreement may be good as between the parties, yet, as to creditors, it is void.
As to the mortgage subject: it was the duty of Coutts to páy the taxes; so that it was his, and not Greenhow's - neglect that the land was lost.
*487 The decree may be :
1. That the marriage articles are to be considered void as to creditors.
2. That the executors settle their accounts of administration. And,
3. That the legates» render an account of the personal estate received by each.